UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA TILLEY,

      Plaintiff,

v.

ALLY FINANCIAL, INC.,

      Defendant.

Case No. 16-cv-14056
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING MOTION TO DISMISS
# DEFENDANT'S VERIFIED COUNTERCLAIM (ECF #17)

In this action, Plaintiff Linda Tilley alleges that Defendant Ally Financial, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), by using an automated telephone dialing system to place calls to her cellular telephone without her consent. (*See* Compl., ECF #1.) The Court has original federal question jurisdiction over Tilley's claim under 28 U.S.C. § 1331. Ally has asserted a state-law counterclaim against Tilley for breach of contract. (*See* Ans., ECF #9.) In that counterclaim, Ally alleges that Tilley breached her contractual obligation to make payments owing under an automobile loan agreement. (*See id.*) Tilley has moved to dismiss Ally's counterclaim. (*See* ECF #17.) She argues that the Court lacks supplemental jurisdiction over the

1

counterclaim, and, in the alternative, that if the Court may exercise supplemental jurisdiction over the counterclaim, it should decline to do so. For the reasons explained below, the Court **GRANTS** Tilley's motion to dismiss. In so holding, this Court joins the other federal courts that have rejected attempts by Ally to assert state-law breach of contract counterclaims in TCPA actions.

This Court lacks original subject matter jurisdiction over Ally's state-law counterclaim. Thus, the Court has subject matter jurisdiction over that counterclaim only if it falls within the grant of supplemental jurisdiction under 28 U.S.C. §1367(a) ("Section 1367(a)"). It does not.

Section 1367(a) provides for supplemental jurisdiction over state-law claims as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution*. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a) (emphasis added). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996)).

2

Ally's state-law breach of contract counterclaim and Tilley's TCPA claim do not derive from a common nucleus of operative facts. Tilley's TCPA claim arises out of the (alleged) facts that Ally used an automated device to call her repeatedly without her consent. Ally's counterclaim, in contrast, derives from the (alleged) facts that Tilley failed to fulfill her payment obligations to Ally. The nuclei of facts from which the respective claims arise are thus distinct, and, accordingly, this Court lacks supplemental jurisdiction over Ally's counterclaim.

Another district court in this Circuit reached the same conclusion in *Ramsey v. General Motors Financial Co., Inc.*, 2015 WL 6396000 (M.D. Tenn. Oct. 22, 2015). In that case, the court held that it lacked supplemental jurisdiction over a state-law breach of contract counterclaim brought by defendant facing a TCPA claim. *See Ramsey*, 2015 WL 6396000, at *1. The court in *Ramsey* explained:

> Here, the Court finds that Defendant's Counter-complaint does not arise from the same case or controversy as Plaintiff's TCPA claim. Although Plaintiff's claim, from a broad perspective, arose from the underlying debt upon which Defendant sues, a closer look reveals that the operative facts from which Plaintiff's federal claim arose are separate and different from the operative facts from which Defendant's state law claim arose. The proof needed to establish Defendant's violation of the TCPA (*e.g.,* calls made, without express consent, with an automatic telephone dialing system or an artificial or prerecorded voice) is different from the proof needed to establish Plaintiff's breach of the Contract (*e.g.,* existence of a valid contract, default, damages).

*Id.* at *2.

Similarly, the federal court in *Riazi v. Ally Financial, Inc.*, 2017 WL 4260847 (E.D. Mo. Sept. 26, 2017), held that it lacked supplemental jurisdiction over a state-law breach of contract counterclaim brought by Ally in a TCPA action. That court said:

> Riazi's claim under the TCPA is based on Ally's using an ATDS to call and text her cell phone after she requested Ally cease doing so. Although, as acknowledged by Riazi, it is "likely that the reason [Ally] placed these calls to [Riazi's] cell phone was related to" the debt which is the subject of Ally's counterclaim [ ], the Court finds that the operative facts of Ally's breach of contract counterclaim are distinct and separate from the operative facts necessary for Riazi's proving her TCPA claim. In particular, the existence of a contract between Riazi and Ally, Riazi's default under the contract, and the amount and nature of Riazi's alleged debt are not relevant to Riazi's proving her TCPA claim. Considering the necessary elements of a TCPA claim and the necessary elements of a breach of contract claim, the Court finds that the proof necessary to establish Riazi's TCPA claim and Ally's counterclaim differ. This reasoning suggests that Riazi's TCPA claim and Ally's breach of contract counterclaim are not derived from a common nucleus of operative facts, and that, therefore, this Court does not have supplemental jurisdiction over Ally's counterclaim.

*Riazi,* 2017 WL 4260847, at *5 (internal citations omitted); *see also Vecchia v. Ally Financial, Inc.*, 2018 WL 907045, at *1 (M.D. Fla. Feb. 15, 2018) (concluding that the court lacked supplemental jurisdiction over state-law breach of contract claim brought by Ally in a TCPA action because the TCPA claim and state-law counterclaim did not derive from common nucleus of operative facts).[1]

---

[1] Ally directs the Court to the decision in *Bates v. American Credit Acceptance, LLC*, 2016 WL 5477429 (E.D. Mich. Sept. 29, 2016). In that case, another Judge of this Court held that a state-law breach of contract counterclaim and a TCPA claim did

4

The Court finds the reasoning in the above-quoted cases to be persuasive and concludes, like the federal courts in those cases, that it lacks supplemental jurisdiction over Ally's state-law counterclaim. Accordingly, Tilley's motion to dismiss that counterclaim is **GRANTED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2018

---

arise out of a common nucleus of operative facts and thus that supplemental jurisdiction did exist over the state-law counterclaim. *See Bates*, 2016 WL 5477429, at *3. This Court respectfully disagrees with the holding in *Bates* and finds the reasoning of the cases cited above to be more persuasive. In addition, while this Court's holding conflicts with the decision in *Bates*, it is consistent with the published decision in *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 999 (E.D. Mich. 1996) (holding that state-law breach of contract counterclaim and claim under Fair Credit Reporting Act did not arise out of common nucleus of operative facts even though the state and federal claims were "causally related" in that "but for the alleged breach of a settlement agreement that forms the basis of Plaintiff's state claims, the alleged federal violation would not have occurred").

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2018, by electronic means and/or ordinary mail.

                                                s/ Holly A. Monda
                                                Case Manager
                                                (810) 341-9764